## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| JUDY A. YODER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-04229-NKL |
| | ) | |
| JUSTIN WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Judy Yoder moves to remand this case to state court, where it was originally filed, for lack of timely removal. Doc. 11. The motion is denied.

## I.      Background

Diane Watson was involved in a five-vehicle accident in February 2014. She filed a subrogation property damage claim on July 8, 2015 in the Associate Division of the Boone County Circuit Court, case no. 15BA-CV02262, for property damage to her own car. Watson sued three defendants: Sherman Transport, Justin Williams (the driver of the Sherman Transport truck), and William Hall (the driver of an Arkansas Electric Cooperative truck).[1] On March 29, 2016, Williams filed a cross-claim against Hall, alleging Hall had caused him to incur medical bills of approximately $18,639.63 and lost income, and praying for damages in an amount more than $25,000. Watson settled her property damage claims against the three defendants and dismissed all of her claims by May 17, 2016, leaving only Williams' cross-claim against Hall pending.

Yoder was also involved in the February 2014 accident, as a passenger in another car.

---

[1]      Yoder is a Missouri citizen; Sherman Transport is a Texas company; Williams is a New Jersey citizen; and Hall is an Arkansas citizen.

On June 10, 2016, Yoder filed a motion to intervene in the Associate Division case which had earlier been filed by Watson. Doc. 1-2, pp. 143-44 of 156. Yoder stated she had been injured in the same five-vehicle accident, and if the case was tried and fault was apportioned, then she would be bound by that apportionment. Williams opposed Yoder's motion, stating that the only claim remaining in the case was his cross-claim against his co-defendant Hall; Yoder had already settled her claims against Hall and Hall's employer, Arkansas Electric Cooperative; and Yoder had never been a party to the Associate Division case. Therefore, he argued, resolution of his cross-claim against Hall could not result in collateral estoppel or issue preclusion against Yoder, and there would be no apportionment with respect to her claims.

On Monday, July 11, 2016, the state court heard argument on Yoder's motion and granted it over Williams' objection, "find[ing] that judicial economy and common issues of fact and law militate in favor of intervention." Doc. 1-2, p. 1 of 156. July 11, 2016 was one year and three days after Watson had filed her petition in state court.

Williams filed his notice of removal under 28 U.S.C. § 1332 on August 10, 2016 and with the other defendants' consent.

## II. Discussion

Yoder moves to remand, arguing that Williams missed the one-year, maximum time limit for removal established under 28 U.S.C. § 1446(c)(1). The Court rejects this argument.

Removal statutes are strictly construed and any doubts about the propriety of removal are resolved in favor of remand. *Nichols v. Harbor Ventures, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002), and *In re. Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). Section 1446, the procedure for removal of civil actions, provides in relevant part:

> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt

2

by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

\*\*\*

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of citizenship.--** **(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

\*\*\*

Yoder argues that the one-year clock began to run pursuant to 18 U.S.C. § 1446(c)(1) when Plaintiff Watson filed her case in the state court. Subsection (c)(1) provides that a diversity case may not be removed under 18 U.S.C. § 1446(b)(3) more than one year after commencement of the action, unless the district court finds bad faith on the part of "the plaintiff." Subsection (b)(3) refers to "the case stated by the initial pleading" and a subsequent filing or other paper from which it can first be ascertained that the case is or has become removable. Watson had settled and dismissed her claims before Yoder sought to intervene, *i.e.*, the claims in Watson's "initial pleading" were no longer before the court and Watson was no longer "the plaintiff." All that remained when Yoder intervened was Williams' cross-claim against Hall. That cross-claim had only been filed a few months before Yoder moved to intervene, and Yoder was a stranger to the suit before that. Therefore, the one-year limitation of

3

18 U.S.C. § 1446(c)(1) had not run at the time of removal because the claim being removed was the cross-claim that Yoder intervened in. Further, nothing in the record here suggests that substantial, or even any, progress had been made with respect to any claim she had at the time of Williams' removal, nor that the timing of removal will cause substantial delay and disruption in resolution of the claims.

The Court's conclusion is supported by decisions in other courts dealing with similar issues. In cases in which the original complaint had been on file for over a year in state court, and new plaintiffs were later added, district courts have held that subsection (c)(1)'s one-year limit only began to run upon the addition of the new plaintiffs. *See Hill v. Ascent Assur., Inc.,* 205 F.Supp.2d 606 (N.D. Miss. 2002); *Greene v. Mobil Oil Corp.,* 66 F.Supp.2d 822 (E.D. Tex. 1999); and *Barnett v. Sylacauga Autoplex,* 973 F.Supp. 1358, 1360 (N.D. Ala. 1997). The *Hill* court held that "dismissing a defendant, unlike adding new plaintiffs, is fundamentally different in that the former does not affect when a cause of action commences, and the latter does." 205 F.Supp. at 614-15. The court cited the legislative history of the one-year limitation, in which Congress described it "as a means of reducing the opportunity for removal after substantial progress has been made in state court" and avoiding "[r]emoval late in the proceedings [where it] may result in substantial delay and disruption." *Id.* (citing H.R. Rep. No. 889-100 at 72, 1988 U.S.C.C.A.N. at 603233). Thus, where new plaintiffs had been added eighteen months after the suit was first filed in state court, "there ha[d] not been an opportunity for them to make 'substantial progress' in state court." *Id.* at 615. The *Greene* court noted that because of the late entry of the new plaintiffs, there was no possibility for any progress to have been made in the first year after filing. 66 F.Supp.2d at 825. The *Barnett* court held that with respect to a new plaintiff, the action "commenced" only when the complaint was amended to add the new

plaintiff. 973 F.Supp. at 1363.

Similarly, in cases in which third-party claims are filed, district courts have held that subsection (c)(1)'s one year limit only began to run from the time the third-party claim was filed, not when the original action was filed. *See Rivera v. Fast Eddie's, Inc.,* 829 F.Supp.2d 1088, 1092 (D.N.M. 2010); and *Mahl Brothers Oil Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 307 F.Supp.2d 474, 486-87 (W.D.N.Y. 2004).

Yoder points to *Arnold Crossroads, LLC v. Gander Mountain Company,* 751 F.3d 935 (8th Cir. 2014), in support of her argument that an intervenor's claim cannot be removed more than one year after the action was originally filed. *Arnold Crossroads* involved a case that had been removed from state court three times. The third time, the district court remanded to state court "for some of the same reasons offered in [its] previous remand orders in [the] matter," including an order based on untimeliness of the removal. *Id.* at 940. The defendants appealed. The Eighth Circuit held it did not have jurisdiction to decide the challenge to the district court's remand order because the order was based on 28 U.S.C. § 1447(c)'s procedural flaw of untimely removal, and Congress had given the district courts "the final word on the issue of removal." *Id.* at 942. *Arnold Crossroads* does not support Yoder's argument.

While Yoder primarily argues Williams missed the one-year maximum limit on removal, she also briefly suggests Williams missed § 1446(b)'s 30-day limit to file her notice of removal. Doc. 25, p. 4, n.1. Specifically, Yoder suggests that the case might have become removable on June 10, 2016 when she filed her motion to intervene, rather than July 11, 2016 when the motion to intervene was granted, so the August 10, 2016 notice of removal was filed too late. She cites no authority. The Court concludes the case was not removable until the motion was granted. In *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1362-63 (S.D. Fla. 2000), the court

held that a nonparty's mere motion to intervene cannot furnish a basis for removal pursuant to § 1446(b). Such a motion might never be granted, the court explained and, until allowed, has no effect on the nature of the claims before the state court. *Id.* (citing *Delgado v. Shell Oil, Co.,* 890 F.Supp. 1324, 1341 (S.D. Tex. 1995)). "As such, a motion of this character at most demonstrates a potential for removability and, therefore, is not a 'motion' within the plain meaning of 28 U.S.C. § 1446(b), that is, 'a motion ... from which it may be first ascertained that the case is one which *is* or *has become* removable[.]'" *Id.* (quoting 28 U.S.C. § 1446(b) (emphasis added)). The court added that its construction of the removal statute "avoids the undesirable result of licensing defendants to disrupt the orderly processing of cases in state courts and clutter the federal courts with cases over which they ultimately might have no jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined.")). *See also Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1278 (D.N.M. 2011) (because the state court could have denied the plaintiffs' motion to intervene, mere service of the motion did not start the removal period); and *Stone v. Williams,* 792 F.Supp. 749, 751-52 (M.D. Ala. 1992) (defendant only possessed the legal right and necessary information to file his notice of removal after he was joined by the court as an indispensable party and served with the amended complaint; the amendment to the complaint which provides a new basis for removal or makes the action a new suit may restart the limitations period).

The Court concludes that Yoder's mere filing of the motion for leave to intervene did not trigger the 30-day period for Williams to remove. Rather, the state court's order of July 11, 2016

sustaining the motion to intervene did. This holding is consistent with the *Engle* analysis, which is persuasive; the plain language of § 1446(b); the manner in which the removal statutes are and have been construed; and the orderly processing of cases in the state and federal courts. It is also consistent with *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 281 (1918), inasmuch as the only claim actually before the state court, until the motion to intervene was sustained, was Williams' cross-claim against Hall, which could not trigger removal jurisdiction.[2] Accordingly, Williams' notice of removal, filed on August 10, 2016, was filed within 30 days for purposes of § 1446(b).

In view of the above resolution of Yoder's motion to remand, the Court need not address Williams' argument that subsection (c)(1)'s bad faith exception applies.

Finally, the Court denies Yoder's request for fees and other sanctions. Doc. 25, p. 5.

## III. Conclusion

Plaintiff Yoder's motion to remand to state court, Doc. 11, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 8, 2016
Jefferson City, Missouri

---

[2] A defendant's pleadings, including counterclaims, cross-claims, and defenses, cannot bring a case within a district court's removal jurisdiction. *See Great Northern,* 246 U.S. at 281; and *Merion Realty Mgmt., LLC v. Henry*, 2010 WL 5140571, at *2-3 (S.D. Ala. Nov. 19, 2010) (and cases cited therein).

Case 2:16-cv-04229-NKL   Document 30   Filed 12/08/16   Page 7 of 7